JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Les Jankey; and DREES

## DEFENDANTS

James Lee Trustee of the Paula Lee Marital Trust

**(b)** County of Residence of First Listed Plaintiff Los Angeles County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Francisco County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Thomas E. Frankovich, APLC
4328 Redwoody Hwy., Suite 300, San Rafael, CA 94903
Tele: (415) 674-8600 Fax: (415) 674-9900

Attorneys (If Known)

ORIGINAL 09-761
B2

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
February 6, 2009

SIGNATURE OF ATTORNEY OF RECORD

1 | THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
2 | *A Professional Law Corporation*
4328 Redwood Hwy., Suite 300
3 | San Rafael, CA 94903
Telephone: 415/674-8600
4 | Facsimile: 415/674-9900

E-filing

5 | Attorneys for Plaintiffs
LES JANKEY
6 | and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
7 | SERVICES: HELPING YOU
HELP OTHERS

8

ORIGINAL

9

10 | UNITED STATES DISTRICT COURT    CV 09    0761

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | LES JANKEY, an individual; and    )   **CASE NO.**
DISABILITY RIGHTS, ENFORCEMENT, )   **Civil Rights**
13 | EDUCATION, SERVICES: HELPING  )
YOU HELP OTHERS, a California public )   **COMPLAINT FOR INJUNCTIVE RELIEF**
14 | benefit corporation,    )   **AND DAMAGES:**
   )
15 |     Plaintiffs,    )   **1st CAUSE OF ACTION:** For Denial of Access
   )   by a Public Accommodation in Violation of the
16 | v.    )   Americans with Disabilities Act of 1990 (42
   )   U.S.C. §12101, *et seq.*)
17 | JAMES LEE TRUSTEE of the PAULA  )
LEE MARITAL TRUST (a.k.a) MORNING )   **2nd CAUSE OF ACTION:** For Denial of Full
18 | FIX CAFE,    )   and Equal Access in Violation of California
   )   Civil Code §§54, 54.1 and 54.3
19 |     Defendant.    )
_____)   **3rd CAUSE OF ACTION:** For Denial of
20 |   Accessible Sanitary Facilities in Violation of
  California Health & Safety Code §19955, *et seq.*
21 |
  **4th CAUSE OF ACTION:** For Denial of
22 |   Access to Full and Equal Accommodations,
  Advantages, Facilities, Privileges and/or
23 |   Services in Violation of California Civil Code
  §51, *et seq.* (The Unruh Civil Rights Act)
24 |

25 |

26 |                **DEMAND FOR JURY**

27 |

28 |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiffs LES JANKEY, an individual; and DISABILITY RIGHTS, ENFORCEMENT,
2 EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
3 corporation (hereinafter sometimes referred to as "DREES"), complain of defendant JAMES
4 LEE TRUSTEE of the PAULA LEE MARITAL TRUST (a.k.a.) Morning Fix Cafe and allege as
5 follows:

6 **INTRODUCTION:**

7    1.    This is a civil rights action for discrimination against persons with physical
8 disabilities, of which class plaintiff LES JANKEY and the membership of DREES are members,
9 for failure to remove architectural barriers structural in nature at defendants' Morning Fix Cafe, a
10 place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other
11 similarly situated persons with physical disabilities access to, the full and equal enjoyment of,
12 opportunity to participate in, and benefit from, the goods, facilities, services, and
13 accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to the
14 Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,
15 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16    2.    Plaintiff LES JANKEY is a person with physical disabilities who, on or about
17 August 19, 2008, October 7, 2008, October 9, 2008, November 22, 2008, November 23, 2008,
18 January 30, 2009 and February 5, 2009, was an invitee, guest, patron, customer at defendants'
19 Morning Fix Cafe, in the City of San Francisco, California. At said time and place, defendants
20 failed to provide proper legal access to the Cafe, which is a "public accommodation" and/or a
21 "public facility" including, but not limited to the entrance. The denial of access was in violation
22 of both federal and California legal requirements, and plaintiff LES JANKEY suffered violation
23 of his civil rights to full and equal access, and was embarrassed and humiliated.

24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | **JURISDICTION AND VENUE:**

2 | 3. **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.
3 | §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.
4 | Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5 | nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6 | California law, whose goals are closely tied with the ADA, including but not limited to violations
7 | of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8 | *seq*., including §19959; Title 24 California Building Standards Code.

9 | 4. **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10 | founded on the facts that the real property which is the subject of this action is located at/near
11 | 1008 Bush Street, San Francisco, in the City and County of California, State of California, and
12 | that plaintiffs' causes of action arose in this county.

13 | **PARTIES:**

14 | 5. Plaintiff LES JANKEY is a "physically handicapped person", a "physically
15 | disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16 | disabled", "physically handicapped" and "person with physical disabilities" are used
17 | interchangeably, as these words have similar or identical common usage and legal meaning, but
18 | the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19 | handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20 | statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21 | LES JANKEY is a "person with physical disabilities", as defined by all applicable California and
22 | United States laws. Plaintiff has a congenital deformity of both lower extremities. Plaintiff LES
23 | JANKEY requires the use of a wheelchair to travel about in public. Consequently, plaintiff LES
24 | JANKEY is a member of that portion of the public whose rights are protected by the provisions
25 | of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by
26 | Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code
27 | §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities
28 | Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1    6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
2  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works
3  with persons with disabilities to empower them to be independent in American society. DREES
4  accomplishes its goals and purposes through education on disability issues, enforcement of the
5  rights of persons with disabilities, and the provision of services to persons with disabilities, the
6  general public, public agencies and the private business sector. DREES brings this action on
7  behalf of its members, many of whom are persons with physical disabilities and whom have
8  standing in their right to bring this action.

9    7.    That members of DREES, like plaintiff LES JANKEY, will or have been guests
10  and invitees at the subject Morning Fix Cafe, and that the interests of plaintiff DREES in
11  removing architectural barriers at the subject Café advance the purposes of DREES to assure
12  that all public accommodations, including the subject Cafe, are accessible to independent use by
13  mobility-impaired persons. The relief sought by plaintiff DREES as alleged herein is purely
14  statutory in nature.

15    8.    Defendant JAMES LEE TRUSTEE of the PAULA LEE MARITAL TRUST
16  (hereinafter alternatively collectively referred to as "defendant") is the owner and operator, lessor
17  and/or lessee, or agent of the owners, lessors and/or lessees, of the public accommodation known
18  as the Morning Fix Cafe, located at/near 1008 Bush Street, San Francisco, California, or of the
19  building and/or buildings which constitute said public accommodation.

20    9.    At all times relevant to this complaint, defendant JAMES LEE TRUSTEE of the
21  PAULA LEE MARITAL TRUST, owns and operates in joint venture the subject Morning Fix
22  Café as a public accommodation. This business is open to the general public and conducts
23  business therein. The business is a "public accommodation" or "public facility" subject to the
24  requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955,
25  *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1    10.    At all times relevant to this complaint, defendant JAMES LEE TRUSTEE of the

2 PAULA LEE MARITAL TRUST is jointly and severally responsible to identify and remove

3 architectural barriers at the subject Morning Fix Café pursuant to Code of Federal Regulations

4 title 28, section 36.201(b), which states in pertinent part:

5           **§ 36.201      General**

6                   (b) *Landlord and tenant responsibilities.* Both the landlord
                who owns the building that houses a place of public
7                accommodation and the tenant who owns or operates the place of
                public accommodation are public accommodations subject to the
8                requirements of this part. As between the parties, allocation of
                responsibility for complying with the obligations of this part may
9                be determined by lease or other contract.

10          28 CFR §36.201(b)

11   **PRELIMINARY FACTUAL ALLEGATIONS:**

12   11.    The Morning Fix Cafe, is a restaurant, located at/near 1008 Bush Street, San

13 Francisco, California. The Morning Fix Cafe, its entrance, and its other facilities are each a

14 "place of public accommodation or facility" subject to the barrier removal requirements of the

15 Americans with Disabilities Act. On information and belief, each such facility has, since July 1,

16 1970, undergone "alterations, structural repairs and additions," each of which has subjected the

17 Morning Fix Cafe and each of its facilities, its entrance to disability access requirements per the

18 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the

19 California Code of regulations (Title 24).

20   12.    At all times stated herein, plaintiff LES JANKEY was a member of DREES.

21   13.    At all times referred to herein and continuing to the present time, defendants, and

22 each of them, advertised, publicized and held out the Morning Fix Cafe as being handicapped

23 accessible and handicapped usable.

24   14.    On or about August 19, 2008, October 7, 2008, October 9, 2008, November 22,

25 2008, November 23, 2008, January 30, 2009 and February 5, 2009, plaintiff LES JANKEY was

26 an invitee and guest at the subject Morning Fix Cafe, for purposes of having coffee and/or baked

27 products.

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    15. On or about August 19, 2008, October 7, 2008, October 9, 2008,

2  November 22, 2008, November 23, 2008, January 30, 2009 and February 5, 2009, plaintiff LES

3  JANKEY encountered a step/landing at the entrance to the Morning Fix Café which prevented

4  plaintiff LES JANKEY from independently accessing the café.

5    16. On or about August 19, 2008, October 7, 2008, October 9, 2008, November 22,

6  2008 and November 23, 2008, plaintiff LES JANKEY could only and did gain access to said

7  Café, when passerby's or patrons lifted plaintiff LES JANKEY in his wheelchair over the

8  step/landing.

9    17. On or about January 30, 2009, plaintiff LES JANKEY was unable to access said

10  Café, and plaintiff LES JANKEY consumed his purchase at a sidewalk table.

11    18. Plaintiff LES JANKEY inquired from the woman employee whether there was a

12  ramp. She first replied in the affirmative, but later indicated there was no ramp.

13    19. On or about February 5, 2009, plaintiff LES JANKEY returned to the subject Café

14  and could not gain access. Plaintiff LES JANKEY asked a patron going into the Café to

15  purchase him a cup of coffee and bring it to him outside, which the man did.

16    20. On or about August 19, 2008 and October 9, 2008, when plaintiff was departing

17  the subject Café, he was jostled in his wheelchair while exiting due to the six (6) inch drop from

18  the step/landing causing trauma to his upper body.

19    21. On or about August 30, 2008, plaintiff LES JANKEY wrote the landlord and

20  tenant about the access problem and suggested a portable ramp and buzzer. Plaintiff LES

21  JANKEY never received a response.

22    22. Therefore, at said time(s) and place, plaintiff LES JANKEY, a person with a

23  disability, encountered the following inaccessible elements of the subject Morning Fix Café

24  which constituted architectural barriers and a denial of the proper and legally-required access to a

25  public accommodation to persons with physical disabilities including, but not limited to:

26        a.    lack of an accessible entrance due to a step/landing; and

27        b.    On personal knowledge, information and belief, other public facilities and
           elements too numerous to list were improperly inaccessible for use by
28           persons with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1      23.    At all times stated herein, the existence of architectural barriers at defendants'
2   place of public accommodation evidenced "actual notice" of defendants' intent not to comply
3   with the Americans with Disabilities Act of 1990 either then, now or in the future.

4      24.    On or about August 30, 2008, defendant(s) were sent two (2) letters by or on
5   behalf of plaintiff LES JANKEY advising of the existence of architectural barriers, requesting a
6   response within 14 days and requesting remedial measures be undertaken within 90 days or an
7   explanation of why the time limit set could not be met and/or extenuating circumstances. Said
8   letters are attached hereto collectively as exhibit "A" and incorporated by reference as though
9   fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in
10  an early and reasonable resolution of the matter.

11     25.    At all times stated herein, defendants, and each of them, did not act as reasonable
12  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
13  removing architectural barriers that would foreseeably prevent plaintiff LES JANKEY from
14  receiving the same goods and services as able bodied people and some of which may and did pose
15  a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of
16  defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered
17  bodily injury.

18     26.    As a legal result of defendant JAMES LEE TRUSTEE of the PAULA LEE
19  MARITAL TRUST's failure to act as a reasonable and prudent public accommodation in
20  identifying, removing or creating architectural barriers, policies, practices and procedures that
21  denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as
22  alleged herein.

23     27.    As a further legal result of the actions and failure to act of defendants, and as a
24  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
25  herein, plaintiffs were denied their civil rights to full and equal access to public facilities.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1 Plaintiff LES JANKEY suffered a loss of his civil rights and his rights as a person with physical
2 disabilities to full and equal access to public facilities, and further suffered bodily injury on or
3 about August 19, 2008 and October 9, 2008 (including, but not limited to, fatigue, stress, strain
4 and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and
5 through architectural barriers. Specifically, as a legal result of defendants negligence in the
6 design, construction and maintenance of the existing step/landing, plaintiff suffered trauma to his
7 upper body while attempting to come off the step/landing onto the sidewalk.

8       28.    Further, plaintiff LES JANKEY suffered emotional distress, mental distress,
9 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
10 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
11 person with physical disabilities being denied access, all to his damages as prayed hereinafter in
12 an amount within the jurisdiction of this court. No claim is being made for mental and emotional
13 distress over and above that usually associated with the discrimination and physical injuries
14 claimed, and no expert testimony regarding this usual mental and emotional distress will be
15 presented at trial in support of the claim for damages.

16       29.    Defendants', and each of their, failure to remove the architectural barriers
17 complained of herein created, at the time of plaintiff LES JANKEY's first visit to said public
18 accommodation, and continues to create continuous and repeated exposure to substantially the
19 same general harmful conditions which caused plaintiff LES JANKEY harm as stated herein.

20       30.    Plaintiff LES JANKEY and the membership of DREES were denied their rights to
21 equal access to a public facility by defendant JAMES LEE TRUSTEE of the PAULA LEE
22 MARITAL TRUST, because defendant JAMES LEE TRUSTEE of the PAULA LEE MARITAL
23 TRUSt maintained a Café without access for persons with physical disabilities to its facilities,
24 including but not limited to the entrance and other public areas as stated herein, and continue to
25 the date of filing this complaint to deny equal access to plaintiffs and other persons with physical
26 disabilities in these and other ways.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**8**

1    31.    On information and belief, construction alterations carried out by defendant has
2 also triggered access requirements under both California law and the Americans with Disabilities
3 Act of 1990.

4    32.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the Morning
5 Fix Café to be made accessible to meet the requirements of both California law and the
6 Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
7 operate the subject as a public facility.

8    33.    Plaintiffs seek damages for violation of their civil rights on August 19, 2008,
9 October 7, 2008, October 9, 2008, November 22, 2008, November 23, 2008, January 30, 2009
10 and February 5, 2009 and they seek statutory damages of not less than $4,000, pursuant to Civil
11 Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that
12 the trier of fact (court/jury) determines was the date that some or all remedial work should have
13 been completed under the standard that the landlord and tenant had an ongoing duty to identify
14 and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff
15 LES JANKEY from returning to the subject public accommodation because of his knowledge
16 and/or belief that neither some or all architectural barriers had been removed and that said
17 premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

18    34.    On information and belief, the defendant has been negligent in their affirmative
19 duty to identify the architectural barriers complained of herein and negligent in the removal of
20 some or all of said barriers.

21    35.    Because of defendants' violations, plaintiffs and other persons with physical
22 disabilities are unable to use public facilities such as those owned and operated by defendants on a
23 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
24 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
25 other accessibility law as plead herein. Plaintiffs seek an order from this court compelling
26 defendants to make the Morning Fix Café accessible to persons with disabilities.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1    36.    On information and belief, defendants have intentionally undertaken to modify and
2  alter existing building(s), and have failed to make them comply with accessibility requirements
3  under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
4  of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
5  and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried
6  out by defendants, and each of them, with a willful and conscious disregard for the rights and
7  safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as
8  provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
9  defendants, and each of them, to other operators and landlords of other Cafes and other public
10  facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5
11  and 54.

12    37.    Plaintiffs are informed and believe and therefore allege that defendant
13  JAMES LEE TRUSTEE of the PAULA LEE MARITAL TRUST, and each of them, caused the
14  subject building(s) which constitute the Morning Fix Cafe to be constructed, altered and
15  maintained in such a manner that persons with physical disabilities were denied full and equal
16  access to, within and throughout said building(s) of the Café and were denied full and equal use of
17  said public facilities. Furthermore, on information and belief, defendant has continued to
18  maintain and operate said Café and/or its building(s) in such conditions up to the present time,
19  despite actual and constructive notice to such defendants that the configuration of the Cafe and/or
20  its building(s) is in violation of the civil rights of persons with physical disabilities, such as
21  plaintiff LES JANKEY, the membership of plaintiff DREES and the disability community which
22  DREES serves. Such construction, modification, ownership, operation, maintenance and
23  practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and
24  Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1    38.    On personal knowledge, information and belief, the basis of defendants' actual and
2  constructive notice that the physical configuration of the facilities including, but not limited to,
3  architectural barriers constituting the Morning Fix Café and/or building(s) was in violation of the
4  civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,
5  communications with invitees and guests, plaintiff LES JANKEY himself, owners of other cafes,
6  restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon
7  modification, improvement, or substantial repair of the subject premises and other properties
8  owned by these defendants, newspaper articles and trade publications regarding the Americans
9  with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.
10  Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants'
11  failure, under state and federal law, to make the Morning Fix Café accessible is further evidence
12  of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons
13  with disabilities. Despite being informed of such effect on plaintiff and other persons with
14  physical disabilities due to the lack of accessible facilities, defendants, and each of them,
15  knowingly and willfully refused to take any steps to rectify the situation and to provide full and
16  equal access for plaintiffs and other persons with physical disabilities to the Cafe. Said
17  defendants, and each of them, have continued such practices, in conscious disregard for the rights
18  of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint,
19  and continuing thereon. Defendants had further actual knowledge of the architectural barriers
20  referred to herein by virtue of the demand letter addressed to the defendants and served
21  concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was
22  and is having on plaintiffs and other persons with physical disabilities, constitutes despicable
23  conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated
24  persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

25    39.    Plaintiff LES JANKEY and plaintiff DREES, on behalf of its membership and the
26  disability community which it serves, consisting of persons with disabilities, would, could and
27  will return to the subject public accommodation when it is made accessible to persons with
28  disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

**I.   FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant JAMES LEE TRUSTEE of the PAULA LEE MARITAL TRUST (a.k.a) MORNING FIX CAFE, inclusive)
(42 U.S.C. §12101, *et seq.*)

40.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 39 of this complaint.

41.   Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

42.   Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

1  43.  As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

4  accommodations identified for purposes of this title was:

5  (7)  PUBLIC ACCOMMODATION - The following private
   entities are considered public accommodations for purposes of this
6  title, if the operations of such entities affect commerce -

7  ---

   (B) a restaurant, bar or other establishment serving food or drink.

8  42 U.S.C. §12181(7)(B)

9  44.  Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

10  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

11  privileges, advantages, or accommodations of any place of public accommodation by any person

12  who owns, leases, or leases to, or operates a place of public accommodation."

13  45.  The specific prohibitions against discrimination set forth in §302(b)(2)(a),

14  42 U.S.C. §12182(b)(2)(a) are:

15

16  (I)  the imposition or application of eligibility criteria
   that screen out or tend to screen out an individual with a disability
   or any class of individuals with disabilities from fully and equally
17  enjoying any goods, services, facilities, privileges, advantages, or
   accommodations, unless such criteria can be shown to be necessary
18  for the provision of the goods, services, facilities, privileges,
   advantages, or accommodations being offered;

19

20  (ii)  a failure to make reasonable modifications in
   policies, practices, or procedures, when such modifications are
   necessary to afford such goods, services, facilities, privileges,
21  advantages or accommodations to individuals with disabilities,
   unless the entity can demonstrate that making such modifications
22  would fundamentally alter the nature of such goods, services,
   facilities, privileges, advantages, or accommodations;

23

24  (iii)  a failure to take such steps as may be necessary to
   ensure that no individual with a disability is excluded, denied
   services, segregated or otherwise treated differently than other
25  individuals because of the absence of auxiliary aids and services,
   unless the entity can demonstrate that taking such steps would
26  fundamentally alter the nature of the good, service, facility,
   privilege, advantage, or accommodation being offered or would
27  result in an undue burden;

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1
2

        (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

3
4
5

        (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

6 The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public
7 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective
8 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code
9 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10     46.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was
11 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the Cafe
12 pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all
13 the barriers complained of herein together was not "readily achievable," the removal of each
14 individual barrier complained of herein was "readily achievable." On information and belief,
15 defendants' failure to remove said barriers was likewise due to discriminatory practices,
16 procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

17     47.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
18 accomplishable and able to be carried out without much difficulty or expense." The statute
19 defines relative "expense" in part in relation to the total financial resources of the entities
20 involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that
21 plaintiffs complain of herein were and are "readily achievable" by the defendants under the
22 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
23 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
24 make the required services available through alternative methods which were readily achievable.

25     48.    On information and belief, construction work on, and modifications of, the subject
26 building(s) of the Morning Fix Café occurred after the compliance date for the Americans with
27 Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
28 the ADA.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    49.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
2  *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
3  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
4  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
5  are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
6  returning to or making use of the public facilities complained of herein so long as the premises
7  and defendants' policies bar full and equal use by persons with physical disabilities.

8    50.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
9  disability to engage in a futile gesture if such person has actual notice that a person or
10 organization covered by this title does not intend to comply with its provisions."
11 Pursuant to this section, plaintiff LES JANKEY has not returned to defendants' premises since on
12 or about February 5, 2009, but on information and belief, alleges that defendants have continued
13 to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to
14 access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
15 §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
16 facilities readily accessible to and usable by individuals with disabilities to the extent required by
17 this title."

18    51.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights
19 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
20 the Americans with Disabilities Act of 1990, including but not limited to an order granting
21 injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being
22 deemed to be the prevailing party.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1     Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2 **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
        IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
3       (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
4       corporation, and Against Defendant JAMES LEE TRUSTEE of the PAULA LEE
        MARITAL TRUST (a.k.a) MORNING FIX CAFE, inclusive)
5       (California Civil Code §§54, 54.1, 54.3, *et seq.)*

6       52.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

7  allegations contained in paragraphs 1 through 51 of this complaint.

8       53.    At all times relevant to this action, California Civil Code §54 has provided that

9  persons with physical disabilities are not to be discriminated against because of physical handicap

10 or disability.  This section provides that:

11              (a) Individuals with disabilities . . . have the same rights as
            the general public to full and free use of the streets, highways,
12          sidewalks, walkways, public buildings, medical facilities, including
            hospitals, clinics, and physicians' offices, and other public places.
13
        54.    California Civil Code §54.1 provides that persons with disabilities shall not be
14
   denied full and equal access to places of public accommodation or facilities:
15
                (a)(1) Individuals with disabilities shall be entitled to full
16          and equal access, as other members of the general public, to
            accommodations, advantages, facilities, medical facilities, including
17          hospitals, clinics, and physicians' offices, and privileges of all
            common carriers, airplanes, motor vehicles, railroad trains,
18          motorbuses, streetcars, boats, or any other public conveyances or
            modes of transportation (whether private, public, franchised,
19          licensed, contracted, or otherwise provided), telephone facilities,
            adoption agencies, private schools, hotels, lodging places, places of
20          public accommodation, amusement or resort, and other places to
            which the general public is invited, subject only to the conditions
21          and limitations established by law, or state or federal regulation, and
            applicable alike to all persons.
22
            Civil Code §54.1(a)(1)
23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

55. California Civil Code §54.1 further provides that a violation of the Americans with
Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336) also
> constitutes a violation of this section, and nothing in this section
> shall be construed to limit the access of any person in violation of
> that act.

Civil Code §54.1(d)

56. Plaintiff LES JANKEY and the membership of plaintiff DREES are persons
within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by
the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific
architectural barrier which defendants knowingly and willfully fail and refuse to remove
constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and
continue to be denied full and equal access to defendants' Morning Fix Cafe. As a legal result,
plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance
with California Civil Code §54.3(a) for each day on which they visited or have been deterred from
visiting the Café because of their knowledge and belief that the Cafe is inaccessible to persons
with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

57. On or about August 19, 2008, October 7, 2008, October 9, 2008, November 22,
2008, November 23, 2008, January 30, 2009 and February 5, 2009, plaintiff LES JANKEY
suffered violations of Civil Code §§54 and 54.1 in that plaintiff LES JANKEY was denied access
to the entrance and other public facilities as stated herein at the Morning Fix Café and on the basis
that plaintiff LES JANKEY was a person with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    58.    As a result of the denial of equal access to defendants' facilities due to the acts and
2  omissions of defendants, and each of them, in owning, operating and maintaining these subject
3  public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to
4  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff LES JANKEY suffered physical
5  discomfort, suffered bodily injury on or about August 19, 2008 and October 9, 2008 (including,
6  but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring
7  up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of
8  defendants negligence in the design, construction and maintenance of the existing step/landing,
9  plaintiff suffered trauma to his upper body while attempting to come off the step/landing onto the
10  sidewalk.

11    59.    Further, plaintiff LES JANKEY suffered mental distress, mental suffering, mental
12  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
13  and worry, all of which are expectedly and naturally associated with a denial of access to a person
14  with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
15  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are
16  persons or an entity that represents persons with physical disabilities and unable, because of the
17  architectural barriers created and maintained by the defendants in violation of the subject laws, to
18  use the public facilities hereinabove described on a full and equal basis as other persons.

19    60.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
20  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs'
21  rights as persons or an entity that represents persons with physical disabilities on or about August
22  19, 2008, October 7, 2008, October 9, 2008, November 22, 2008, November 23, 2008,
23  January 30, 2009 and February 5, 2009, and on a continuing basis since then, including statutory
24  damages, a trebling of all of actual damages, general and special damages available pursuant to
25  §54.3 of the Civil Code according to proof.
26  ///
27  ///
28  ///

1      61.  As a result of defendants', and each of their, acts and omissions in this regard,

2  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

3  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

4  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

5  the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all

6  reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

7  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

8  to compel the defendants to make their facilities accessible to all members of the public with

9  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

10  the provisions of §1021.5 of the Code of Civil Procedure.

11      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

12  **III.  THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

13  (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

14  corporation and Against Defendant JAMES LEE TRUSTEE of the PAULA LEE
MARITAL TRUST (a.k.a) MORNING FIX CAFE, inclusive)

15  (Health & Safety Code §19955, *et seq.*)

16      62.  Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

17  allegations contained in paragraphs 1 through 61 of this complaint.

18      63.  Health & Safety Code §19955 provides in pertinent part:

19          The purpose of this part is to insure that public accommodations or
facilities constructed in this state with private funds adhere to the

20  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
of Title 1 of the Government Code.  For the purposes of this part

21  "public accommodation or facilities" means a building, structure,
facility, complex, or improved area which is used by the general

22  public and shall include auditoriums, hospitals, theaters, restaurants,
hotels, motels, stadiums, and convention centers.  When sanitary

23  facilities are made available for the public, clients or employees in
such accommodations or facilities, they shall be made available for

24  the handicapped.

25  ///

26  ///

27  ///

28  ///

1    64.    Health & Safety Code §19956, which appears in the same chapter as §19955,

2  provides in pertinent part, "accommodations constructed in this state shall conform to the

3  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

4  Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

5  public accommodations constructed or altered after that date.  On information and belief, portions

6  of the Morning Fix Café and/or of the building(s) were constructed and/or altered after July 1,

7  1970, and substantial portions of the Morning Fix Cafe and/or the building(s) had alterations,

8  structural repairs, and/or additions made to such public accommodations after July 1, 1970,

9  thereby requiring said Café and/or building to be subject to the requirements of Part 5.5, §19955,

10 *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per

11 Health & Safety Code §19959.

12    65.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

13 Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

14 1982, Title 24 of the California Building Standards Code adopted the California State Architect's

15 Regulations and these regulations must be complied with as to any alterations and/or

16 modifications of the Café and/or the building(s) occurring after that date.  Construction changes

17 occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the

18 "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On

19 information and belief, at the time of the construction and modification of said building, all

20 buildings and facilities covered were required to conform to each of the standards and

21 specifications described in the American Standards Association Specifications and/or those

22 contained in Title 24 of the California Building Standards Code.

23    66.    Cafes such as the Morning Fix Cafe are "public accommodations or facilities"

24 within the meaning of Health & Safety Code §19955, *et seq*.

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1    67.    As a result of the actions and failure to act of defendants, and as a result of the
2  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were
3  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'
4  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to
5  public facilities.

6    68.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
7  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
8  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with
9  physical disabilities and prohibiting discrimination against the persons with physical disabilities,
10 and to take such action both in plaintiffs' own interests and in order to enforce an important right
11 affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all
12 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
13 §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953
14 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and
15 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).
16 Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

17   69.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of
18 them, to make the subject place of public accommodation readily accessible to and usable by
19 persons with disabilities.

20   Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

21 **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
         EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
22 **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
         SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
23 (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
   EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
24 corporation, and Against Defendant JAMES LEE TRUSTEE of the PAULA LEE
   MARITAL TRUST (a.k.a) MORNING FIX CAFE, inclusive)
25 (Civil Code §51, 51.5)

26   70.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
27 allegations contained in paragraphs 1 through 69 of this complaint.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1    71.    Defendants' actions and omissions and failure to act as a reasonable and prudent

2  public accommodation in identifying, removing and/or creating architectural barriers, policies,

3  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

4  Unruh Act provides:

5              This section shall be known, and may be cited, as the Unruh
              Civil Rights Act.
6
              All persons within the jurisdiction of this state are free and
7  equal, and no matter what their sex, race, color, religion, ancestry,
   national origin, or **disability** are entitled to the full and equal
8  accommodations, advantages, facilities, privileges, or services in all
   business establishments of every kind whatsoever.
9
              This section shall not be construed to confer any right or
10  privilege on a person that is conditioned or limited by law or that is
   applicable alike to persons of every sex, color, race, religion,
11  ancestry, national origin, or **disability.**

12              Nothing in this section shall be construed to require any
   construction, alteration, repair, structural or otherwise, or
13  modification of any sort whatsoever, beyond that construction,
   alteration, repair, or modification that is otherwise required by other
14  provisions of law, to any new or existing establishment, facility,
   building, improvement, or any other structure . . . nor shall anything
15  in this section be construed to augment, restrict, or alter in any way
   the authority of the State Architect to require construction,
16  alteration, repair, or modifications that the State Architect otherwise
   possesses pursuant to other . . . laws.
17
              A violation of the right of any individual under the
18  Americans with Disabilities Act of 1990 (Public Law 101-336) shall
   also constitute a violation of this section.
19
   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the
20
   "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the
21
   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or
22
   failing to act to identify and remove barriers can be construed as a "negligent per se" act of
23
   defendants, and each of them.
24
   ///
25
   ///
26
   ///
27
   ///
28

72.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

73.     Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §40, *et seq.*, as if repled herein.

///
///
///
///
///
///

1    74.    As a legal result of the violation of plaintiff LES JANKEY's civil rights as

2  hereinabove described, plaintiff LES JANKEY has suffered general damages, suffered bodily

3  injury on or about August 19, 2008 and October 9, 2008 (including, but not limited to, fatigue,

4  stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over,

5  around and through architectural barriers. Specifically, as a legal result of defendants negligence

6  in the design, construction and maintenance of the existing step/landing, plaintiff suffered trauma

7  to his upper body while attempting to come off the step/landing onto the sidewalk.

8    75.    Further, plaintiff LES JANKEY suffered physical injury, emotional distress (all to

9  plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).

10  Plaintiffs LES JANKEY and DREES are entitled to the rights and remedies of §52(a) of the Civil

11  Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special

12  and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute,

13  according to proof if deemed to be the prevailing party.

14  **PRAYER:**

15    Plaintiffs pray that this court award damages and provide relief as follows:

16  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
        PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

17  **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
    (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,

18  EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
    corporation, and Against Defendant JAMES LEE TRUSTEE of the PAULA LEE

19  MARITAL TRUST (a.k.a) MORNING FIX CAFE, inclusive)
    (42 U.S.C. §12101, *et seq.*)

20

21    1.    For injunctive relief, compelling defendant JAMES LEE TRUSTEE of the

    PAULA LEE MARITAL TRUST, inclusive, to make the Morning Fix Cafe, located at 1008 Bush

22
    Street, San Francisco, California, readily accessible to and usable by individuals with disabilities,

23
    per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice,

24
    eligibility criteria and procedures so as to afford full access to the goods, services, facilities,

25
    privileges, advantages and accommodations being offered;

26  ///

27  ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1          2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

2    the prevailing party; and

3          3.      For such other and further relief as the court may deem proper.

4    **II.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
             EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
5    **AND 54.3, *ET SEQ.***
             (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
6            EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
             corporation, and Against Defendant JAMES LEE TRUSTEE of the PAULA LEE
7            MARITAL TRUST (a.k.a) MORNING FIX CAFE, inclusive)
             (California Civil Code §§54, 54.1, 54.3, *et seq.*)

8          1.      For injunctive relief, compelling defendant JAMES LEE TRUSTEE of the
9
     PAULA LEE MARITAL TRUST, inclusive, to make the Morning Fix Cafe, located at 1008 Bush
10
     Street, San Francisco, California, readily accessible to and usable by individuals with disabilities,
11
     per state law;
12
           2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for
13
     each occasion on which plaintiffs were deterred from returning to the subject public
14
     accommodation;
15
           3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,
16
     if plaintiffs are deemed the prevailing party;
17
           4.      Treble damages pursuant to Civil Code §54.3;
18
           5.      General damages according to proof;
19
           6.      For all costs of suit;
20
           7.      Prejudgment interest pursuant to Civil Code §3291; and
21
           8.      Such other and further relief as the court may deem just and proper.
22
     ///
23
     ///
24
     ///
25
     ///
26
     ///
27
     ///
28
     ///
     COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
                                                                                          25

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant JAMES LEE TRUSTEE of the PAULA LEE MARITAL TRUST (a.k.a) MORNING FIX CAFE, inclusive)
(Health & Safety code §19955, *et seq.*)

1. For injunctive relief, compelling defendant JAMES LEE TRUSTEE of the PAULA LEE MARITAL TRUST, inclusive, to make the Morning Fix Cafe, located at 1008 Bush Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law;

2. For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3. For all costs of suit;

4. For prejudgment interest pursuant to Civil Code §3291;

5. Such other and further relief as the court may deem just and proper.

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant JAMES LEE TRUSTEE of the PAULA LEE MARITAL TRUST (a.k.a) MORNING FIX CAFE, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3. General damages according to proof;

4. Treble damages pursuant to Civil Code §52(a);

5. For all costs of suit;

///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

6. Prejudgment interest pursuant to Civil Code §3291; and

7. Such other and further relief as the court may deem just and proper.

Dated: _____, 2009        THOMAS E. FRANKOVICH,
                                  *A PROFESSIONAL LAW CORPORATION*

By:_____

THOMAS E. FRANKOVICH
Attorneys for Plaintiffs LES JANKEY and DISABILITY
RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
HELPING YOU HELP OTHERS, a California public
benefit corporation

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _____, 2009        THOMAS E. FRANKOVICH,
                                  *A PROFESSIONAL LAW CORPORATION*

By:_____

THOMAS E. FRANKOVICH
Attorneys for Plaintiffs LES JANKEY and DISABILITY
RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
HELPING YOU HELP OTHERS, a California public
benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

Recycled   Stock # R DOA-10-B

Les Jankey
9005 Keith Avenue, Apt. 1
West Hollywood, CA 90069

August 30, 2008

Manager
Morning Fix
1008 Bush Street
San Francisco, CA 94109

Dear Manager of Morning Fix:

Recently, I stayed at the Mayflower for a few days. The Morning Fix, as you know, is across the street. I went there a few times. I use a wheelchair. It's a challenge to get in and out of the café. Passersby helped me in and out. But that could be easily overcome if you got a portable ramp and put a buzzer on the door. That should be inexpensive. As I'm writing basically the same letter to the landlord and tenant, you should get together and solve this.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Morning Fix once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey

Les Jankey
9005 Keith Avenue, Apt. 1
West Hollywood, CA 90069

August 30, 2008

Owner of Building
Morning Fix
1008 Bush Street
San Francisco, CA 94109

Dear Owner of Building for Morning Fix:

Recently, I stayed at the Mayflower for a few days. The Morning Fix, as you know, is across the street. I went there a few times. I use a wheelchair. It's a challenge to get in and out of the café. Passersby helped me in and out. But that could be easily overcome if you got a portable ramp and put a buzzer on the door. That should be inexpensive. As I'm writing basically the same letter to the landlord and tenant, you should get together and solve this.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Morning Fix once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey